# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.<br><br>v.<br><br>TAREK SHEHADEH, NADEEM SIDDIQUE, FALON VELA, LITTLE ROCK LOUIE, LLC, and NICK's BAR LOUIE, INC. | CIVIL ACTION<br><br>NO. 18-4119 |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                        **May 10, 2019**

In this piracy and copyright infringement case, Plaintiff asserts that Defendants distributed an Ultimate Fighting Championship ("UFC") fight without the proper licensing. Plaintiff brings claims against Defendants for Satellite and Cable Piracy under 47 U.S.C. § 605 and § 553, respectively (Count I) and copyright infringement (Count II). (Am. Compl., ECF 8.)

Defendants, individuals and corporate entites associated with Bar Louie in Little Rock, Arkansas, move to dismiss the Amended Complaint or alternatively to transfer it to the Eastern District of Arkansas. (Mot., ECF 9.)

For the reasons discussed below, the Motion is denied.

## I. Alleged Factual Background

Taking Plaintiff's allegations as true, the factual background is as follows. Plaintiff Joe Hand Productions, Inc. ("JHP") is a corporation that distributes and licenses sporting events to commercial and noncommercial establishments. (Am. Compl. at ¶¶ 4-5.) Defendants are corporate entities and individuals affiliated with Bar Louie-McCain Mall (hereinafter "the bar"), an establishment in Little Rock, Arkansas. (Am. Compl. at ¶¶ 7-8.)

In April 2016, the bar was owned by Defendant Tarek Shehadeh through his company Defendant Little Rock Louie, LLC. (Mot. Memo., ECF 9-1 at 3.) The bar entered into an agreement with JHP to broadcast three UFC championship events, and sent a check to JHP's office in Feasterville, Pennsylvania. (Am. Compl. at ¶¶ 12-16.) Defendants continued to license with JHP to broadcast other UFC events through 2016 and 2017. (Am. Compl. at ¶ 19.) In November 2016, Little Rock Louie, LLC sold the bar to Broadway, Inc., a company owned by Defendant Nadeem Siddique. (Mot. Memo. at 3.) Broadway, Inc. then transferred the assets from the sale to Defendant Nick's Bar Louie, LLC, also owned by Defendant Siddique. (Mot. Memo. at 4; Mot. Ex. 1.) Defendant Shehadeh remained involved in the bar as an employee. (Oral Arg. Tr., ECF 18 at 5:4.)

JHP had the exclusive right to commercially distribute the August 26, 2017 Floyd Mayweather, Jr. v. Conor McGregor boxing match (hereinafter "the fight"). (Am. Compl. at ¶ 6.) On August 25, 2017, Defendant Shehadeh emailed JHP seeking a quote for broadcasting the fight. (Am. Compl. at ¶¶ 21-22.) When he was quoted $7,500, Defendant Shehadeh responded that the bar "[w]ould love to but we don't charge a cover at Bar Louie and only budget $9k in sales so we couldn't do that much." (Am. Compl. at ¶ 22.) Plaintiff asserts that Defendants then "took affirmative steps to circumvent the commercial licensing requirement and unlawfully obtained the [fight] through an unauthorized cable signal, satellite signal, and/or internet stream." (Am. Compl. at ¶ 24.)

## II. Procedural History

Plaintiff filed its Complaint in this Court on September 24, 2018. (ECF 1.) After Defendants filed a Motion to Dismiss that Complaint, Plaintiff amended its Complaint on December 21, 2018. (Am. Compl.) On January 9, 2019, Defendants filed a second Motion to

Dismiss. (Mot.) Plaintiff responded in opposition and Defendants replied. (Resp., ECF 10; Reply, ECF 12.)

The Court held a telephonic hearing on March 14, 2019, and ordered both parties to supplement their briefing as to the jurisdiction and venue issues raised in Defendants' Motion. (ECF 16.) Both parties filed supplemental briefing (Def. Supp. Br., ECF 17; Pl. Supp. Br., ECF 20), and with leave of court, Defendants filed a reply to Plaintiff's supplemental brief. (Def. Resp. to Pl. Supp. Br., ECF 23.)

**III.    Legal Standard**

When a defendant files a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of establishing that the Court has jurisdiction over the moving defendants. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Id.

In considering a motion to dismiss for improper venue under Rule 12(b)(3), the Court must generally accept as true the allegations in the Complaint, unless contradicted by Defendants' affidavits. See SMA Med. Labs. v. Advanced Clinical Lab. Sols., Inc., 2018 WL 3388325, at *1 (E.D. Pa. July 12, 2018) (DuBois, J.) (citing Holiday v. Bally's Park Place, Inc., 2007 WL 2600877, at *1 (E.D. Pa. Sep. 7, 2007)). The movant bears the burden of demonstrating that venue is improper. Myers v. American Dental Ass'n, 695 F.2d 716, 724 (1982).

In cases where venue is proper, Defendants may seek to transfer venue pursuant to 28 U.S.C. § 1404(a), which provides that a district court may, "[f]or the convenience of parties and

3

witnesses, in the interest of justice, . . . transfer any civil action to any other district or division where it might have been brought . . ..." 28 U.S.C. § 1404(a). The defendant bears the burden of establishing that a venue transfer is warranted under Section 1404(a). Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

**IV.  Discussion**

    **A.  Motion to dismiss for lack of personal jurisdiction to Fed. R. Civ. P. 12(b)(2)**

Defendants declined the Court's invitation to submit additional evidence or have an evidentiary hearing. Accordingly, Plaintiff "need only establish a prima facie case of personal jurisdiction and . . . is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, 384 F.3d at 97.

A federal district court may assert personal jurisdiction over a non-resident to the extent of the law of the state in which it sits according to Federal Rule of Civil Procedure 4(e). Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984). Under Pennsylvania's long-arm statute, a court may exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with the Commonwealth allowed under the Constitution of the United States." 42 Pa. C.S. § 5322(b). The Due Process Clause of the Fourteenth Amendment requires non-resident defendants to have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (alteration in original).

There are two types of personal jurisdiction: specific and general jurisdiction. Where a cause of action arises from, or relates to, the defendant's contacts with the forum, specific

jurisdiction exists. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984). "Foreseeability. . . is critical to the due process analysis. . . [in] that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

### 1. Traditional test for personal jurisdiction

To establish specific personal jurisdiction under the Due Process Clause, Plaintiff must demonstrate: (1) minimum contacts with the forum, Int'l Shoe, 326 U.S. at 316; (2) the claim arises out of or relates to those activities, Helicopteros, 466 U.S. at 414; and (3) exercising jurisdiction otherwise comports with fair play and substantial justice. Id. (quoting Int'l Shoe, 326 U.S. at 316).

Defendants assert that they are not subject to personal jurisdiction in Pennsylvania because they have not purposefully directed activities toward Pennsylvania which gave rise to the claim. (Mot. at ¶¶ 21-22.) Defendants also argue that fair play and substantial justice would be offended because "[l]itigating this action in [this venue] would impose a substantial burden on the Defendants . . . [and] would not be efficient because the location of the events giving rise to this litigation and the evidence necessary to support JHP's claims are all outside of this forum." (Mot. at ¶ 22.) Plaintiff responds that Defendants purposefully directed activities toward the forum that gave rise to the claim, and that jurisdiction does not offend traditional notions of fair play and substantial justice. (Pl. Suppl. Br. at 4-7.)[1]

---

[1] Defendants raise the issue of a forum selection clause in a contract entered into between Plaintiff and "Bar Louie @ N Little Rock" in April 2016, well before the alleged infringement and piracy. (Mot. at ¶¶ 10-11.) Plaintiff does not address this clause at length in its response brief, and asserts that it does not rely on this clause to establish personal jurisdiction. (Resp. at 7, n. 1.) Because this Court find that personal jurisdiction exists regardless of this clause, we do not address this issue.

With regard to the first element, Plaintiff has demonstrated that Defendants have "minimum contacts" with Pennsylvania on the basis of Defendant Shehadeh's email to JHP, sent the day before the allegedly pirated fight was shown. In spite of the disagreement of the parties about whether this email establishes that the Defendants purposefully availed themselves of the privilege of conducting business in Pennsylvania, the Court finds that, resolving factual disputes in Plaintiff's favor, it is clear that Defendants knew that Plaintiff was located in Pennsylvania. Thus, when Defendant Shehadeh, who had knowledge of JHP's location, emailed JHP requesting a quote for showing the fight, only to reject that quote and allegedly broadcast the fight anyway, Defendants clearly should have expected to be sued in Pennsylvania.[2] "A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant." Miller Yacht Sales, 384 F.3d at 96 (citing Burger King Corp., 471 U.S. at 475 n. 18).

Plaintiff argues that the unauthorized broadcast of the fight "arose out of and relates directly to Defendants' email declining to purchase authorization from Plaintiff." (Pl. Suppl. Br. at 5.) Although Plaintiff's claim may have been brought regardless of whether Defendants had sought permission to broadcast the fight, this fact is relevant to the analysis of personal jurisdiction. See Joe Hand Promotions, Inc. v. Yakubets, 3 F. Supp. 3d 261, 273 (E.D. Pa. 2014) (Pratter, J.) (noting that there is "no mens rea or scienter elements" to 47 U.S.C. § 553).

---

[2] At oral argument, Defendants' attorney argued that Defendant Shehadeh's email is insufficient to establish jurisdiction because Shehadeh was "just a guy working in a bar." (Oral Arg. Tr. at 8:7.) Defendants have not provided the Court with any legal support for the assertion that the action of an employee cannot establish minimum contact for the purpose of personal jurisdiction, particularly where, as here, Plaintiff alleges that the employee formerly owned the bar and had previously negotiated contracts with Plaintiff in Pennsylvania. (Am. Compl. at ¶¶ 12-16; Mot. at ¶ 7.)

Accordingly, the Court finds that this claim sufficiently arose from Defendants' contact with Pennsylvania.

Finally, in deciding whether jurisdiction complies with notions of fair play and substantial justice, the Court may consider "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental subjective social policies." Miller Yacht Sales, 384 F.3d at 96 (citing Burger King Corp., 471 U.S. at 477). Although Defendants have asserted that they would be burdened by defending this case in Pennsylvania, Plaintiff would experience a similar burden in prosecuting is case in Arkansas. Plaintiff has correctly argued that Pennsylvania has a strong interest in protecting its citizens from the allegedly tortious conduct of foreign entities. In light of the fact that the Court must resolve reasonable inferences in favor of Plaintiff, Plaintiff has demonstrated that personal jurisdiction over Defendants comports with notions of fair play and substantial justice.

### 2. The "effects" test for personal jurisdiction

Alternatively, jurisdiction would be proper under the "effects" test of Calder v. Jones, 465 U.S. 783 (1984). Under the "effects" test, "a plaintiff may demonstrate personal jurisdiction if he or she shows: (1) [t]he defendant committed an intentional tort; (2) [t]he plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and] (3) [t]he defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." IMO Indus. V. Kiekert AG, 155 F.3d 254, 265-66 (3d Cir. 1998)). This test is appropriate where the defendant's "contacts with the forum alone . . . are far too small to comport with the requirements of due process under our traditional system." Id. at 259.

7

Plaintiff urges us to apply this test, and Defendants disagree, arguing that this test is inappropriate where, as here, there has been no intentional tort and where Defendants have not aimed tortious activity at Plaintiff in Pennsylvania. (Resp. at 9; Reply at 3.)

In light of the deference due to Plaintiff's factual allegations, Plaintiff satisfies the first prong of the "effects" test. Although the Third Circuit has yet to expressly state that copyright infringement and piracy are intentional torts, other circuits have done so. See Miller Yacht, 384 F.3d at 108, n. 11 (Scirica, J., dissenting) (citing Bucklew v. Hawkins, Ash, Baptie & Co., LLP, 329 F.3d 923, 931 (7th Cir. 2003) ("Copyright infringement . . . is an intentional tort."); Coleman v. Sch. Bd. of Richland Par., 418 F.3d 511, 519 (5th Cir. 2005).

Plaintiff also has satisfied the second prong of the "effects" test because Plaintiff is a corporation in Pennsylvania and therefore felt the brunt of the harm in this forum. See Vizant Techs., LLC v. Whitchurch, 97 F. Supp. 3d 618, 632 (E.D. Pa. 2015) (Bartle, J.) (noting that because the plaintiff was a company headquartered in Pennsylvania, "[i]t necessarily follows that [Plaintiff] felt the brunt of the harm in Pennsylvania such that Pennsylvania can be said to be the focal point of the harm.") (internal quotation omitted).

Plaintiff has also satisfied the final prong of the "effects" test because there is evidence the Defendants "expressly aimed" its tortious conduct at Pennsylvania. In IMO Industries, the Third Circuit held that two telephone calls between the defendant and the plaintiff in the forum state were insufficient to demonstrate that the defendant had "expressly aimed" its tortious conduct at the forum state because defendant placed the calls to plaintiff's offices outside of the forum. 155 F.3d at 266-68. Unlike that case, Defendant Shehadeh's email was targeted at Plaintiff in its headquarters of Pennsylvania.

Accordingly, under either test for personal jurisdiction, Defendants can properly be sued in Pennsylvania.

**2.     Motion to Dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3)**

Under 28 U.S.C. § 1391(b), venue is proper in:

>   (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action

Defendants argue that Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) because the events leading to this claim occurred in Arkansas. In the alternative, Defendants argue that this action should be transferred to the Eastern District of Arkansas pursuant to 28 U.S.C. § 1404(a) or § 1406(a).

In asserting that the Court should dismiss Plaintiff's Amended Complaint for improper venue, Defendants contend that "the only event giving rise to the claims was the broadcast of the fight in Arkansas, and that the only omission relating to the claims was Defendants' alleged failure to seek authorization from JHP." (Mot. Memo. at 15.) Plaintiff responds that venue is proper in this district because the injury occurred in Pennsylvania. (Resp. at 14.) Again, Plaintiff relies on the fact that "Defendants engaged in multiple business transactions with Plaintiff and solicited a sales quote from Plaintiff the day prior to the unauthorized broadcast at issue in this matter." (Id.)

"Although personal jurisdiction and venue are distinct concepts, . . . the two analyses rely on similar factual considerations, including the locations of the events and property involved in

9

the dispute." SMA Medical Laboratories v. Advanced Clinical Laboratory Solutions, Inc., 2018 WL 3388325 (E. D. Pa. July 12, 2018) (DuBois, J.). "The test for determining venue is not the defendant's contacts with a particular district, but rather the location of those events or omissions giving rise to the claim, theoretically a more easily demonstrable circumstance than where a claim arose." Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994) (internal quotations omitted). Unlike personal jurisdiction, Defendants bears the burden of demonstrating that venue is improper. Myers v. Am. Dental Ass'n, 695 F.2d 716, 725 (3d Cir. 1982).

Plaintiff's Amended Complaint brings claims for satellite/cable piracy under 37 U.S.C. § 605 and § 553 and for copyright infringement under 17 U.S.C. § 106 and § 501. Defendants assert that to prove these claims, Plaintiff must demonstrate "(1) interception of a satellite transmission or broadcast, (2) lack of authorization, and (3) publication." (Def. Suppl. Br. at 6.) Defendants admits that Defendant Shehadeh's email and prior contact between the parties "may relate to damages or mitigation," but they "have no bearing on liability here." (Id.)

Under § 1391(b)(3), venue is proper in this district because Defendants are subject to personal jurisdiction here. "For all venue purposes, when a business entity . . . is a defendant, it shall be deemed to reside in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Gordon v. Houghton Mifflin Harcourt Pub. Co., No. CIV.A. 14-4703, 2015 WL 3871788, at *2 (E.D. Pa. June 23, 2015) (Restrepo, J.).

Defendants argue that "[i]f the Court exercised personal jurisdiction, only the corporate Defendants would be deemed to reside in [this district] under § 1391[(b)](2). However, such a ruling would not apply to the actual residency/domicile of the individual Defendants." (Def.

Suppl. Br. at 2.) There is no motion before us to dismiss the individual Defendants from this case for failure to state a claim.[3]

The Court has properly exercised personal jurisdiction over the individual Defendants. Defendant Siddique properly remains in this case as the owner of the bar. To the extent that Defendant Shehadeh held himself out as a representative of the bar in his email to JHP the day before the fight, he remains in the case as well. Resolving factual disputes in favor of Plaintiff, the Court has properly exercised personal jurisdiction over these two Defendants.

Because venue is proper, Defendants' request that this case be transferred under 28 U.S.C. § 1406(a) is denied.

## V. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction or Improper Venue is denied.

An appropriate order follows.

O:\CIVIL 18\18-4119 Joe Hand v Shehadeh\18cv4119 Memo re MTD.docx

---

[3] Defendants do state in a footnote in their motion that "Defendants Shehadeh and Little Rock Louie, LLC should be dismissed pursuant to F.R.C.P. 12(b)(6)." (Mot. at 3 n. 2.) However, they provide no legal citation for or discussion of this point. Plaintiff responds in its own footnote, stating that "Plaintiff alleges that Defendant Shehadeh is personally liable and there is no blanket prohibition on maintaining a suit against an entity purported to be dissolved." (Resp. Memo. at 11, n. 2.) In the absence of any further argument or legal citation for these propositions, the Court does not address this issue.

11